# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# MEDFORD DIVISION

**UNITED STATES OF AMERICA,**

       Plaintiff,

    v.

**HUNTER TALON MARLOW,**

       Defendant.

No. 1:22-cr-00031-AA

**OPINION & ORDER**

AIKEN, District Judge.

    This case comes before the Court on a Motion to Revoke Detention Order and for Pretrial Release on Conditions filed by Defendant Hunter Talon Marlow. ECF No. 16. Mr. Marlow is charged by indictment with a single count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1). ECF No.1

    Mr. Marlow was arraigned on the indictment on February 17, 2022 and a detention hearing was held during the same appearance. ECF No. 8. Magistrate Judge Mark Clarke ordered Mr. Marlow detained, finding that no condition or combination of conditions would reasonably assure either Mr. Marlow's appearance as required or assure the safety of other persons or the community.

ECF No. 11. On May 6, 2022, Mr. Marlow moved to revoke Judge Clarke's detention order. ECF No. 16.

Review of a magistrate judge's release or detention order is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Bail Reform Act ("BRA") governs the detention of a defendant pending trial. 18 U.S.C. § 3142. The BRA mandates the release of a person pending trial unless the court "finds no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). On a motion for pretrial detention, the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Id.*

A court can consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse, and record concerning appearances at court proceedings; and (4) the nature and seriousness of the danger to any person of the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

In this case, the Court concludes that the Government has demonstrated by clear and convincing evidence that Mr. Marlow poses a danger to the community and has demonstrated by

a preponderance of the evidence that Mr. Marlow is a flight risk. The nature and circumstances of the offense are deeply concerning, particularly with regard to the presence of the firearm in the car and Mr. Marlow's alleged intentions. The weight of the evidence also weighs sharply against Mr. Marlow. Mr. Marlow acknowledges that he has a long and serious criminal history, including past incidents of gun violence, which weighs against Mr. Marlow. The fact that this offense was committed while Mr. Marlow was on post-prison supervision for past convictions also indicates that Mr. Marlow poses a danger to the community.

The Court concludes that the Government has carried its burden and that there is no set of conditions that would ensure Mr. Marlow's appearance at trial or ensure the safety of the community. The Court therefore DENIES Defendant's Motion to Revoke Detention Order, ECF No. 16.

It is so ORDERED and DATED this  16th  day of May 2022

                                                     /s/Ann Aiken
                                                     ANN AIKEN
                                                     United States District Judge